IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GEORGE O. HARRISON, Jr.,
        Plaintiff,

v.                                                       Civil Action No. 3:19-cv-854

CAPITAL ONE SERVICES, LLC,
        Defendant.

## OPINION

George O. Harrison, Jr., a sixty-six-year-old African American man with a visual impairment, applied for a job with Capital One Services, LLC ("Capital One"). Capital One rescinded the job offer after conducting a background check. Harrison, proceeding pro se, alleges that Capital One wrongfully withdrew the job offer based on his race, disability, and age. Capital One has moved to dismiss for failure to state a claim. For the reasons stated below, the Court will grant in part and deny in part the motion to dismiss.

### I. FACTS ALLEGED IN THE COMPLAINT

Harrison is a sixty-six-year-old African American man with a visual impairment. On May 22, 2018, Harrison applied for a job with Capital One as a customer service representative.[1] Harrison alleges that he "was fully qualified for [the position] in background and training," and received a conditional job offer. (Compl. ¶ 7.) Capital One, however, rescinded the offer after conducting a background check on Harrison.

Harrison asserts that the background check included information that is over ten years old. He also says that his past convictions revealed "nothing job-related or consistent with business

---

[1] In his complaint, Harrison alleges that he applied to Capital One on May 22, 2019. His charge of discrimination before the U.S. Equal Employment Opportunity Commission ("EEOC"), however, alleges that he received an offer from Capital One on July 20, 2018.

necessity sufficient to justify" Capital One's decision not to hire him. (*Id.* ¶ 9.) Harrison contends that Capital One used the results of the background check as a pretext to rescind the offer based on his race, disability, and age.

## II. LEGAL STANDARD

Capital One has moved to dismiss Harrison's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). The principle that a court must accept all allegations as true, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must therefore state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, as Harrison does here, courts do not expect the plaintiff to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle, however, has limits. *Id.* Courts do not need to discern the unexpressed intent of the

plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

### III. DISCUSSION

Applying the principles of liberal construction, Harrison's complaint raises the following claims: failure to hire based on race under Title VII of the Civil Rights Act of 1964; failure to hire based on a disability under the Americans with Disabilities Act ("ADA"); failure to hire based on age under the Age Discrimination in Employment Act ("ADEA"); a retaliation claim under the ADA; a claim under 42 U.S.C. § 1983; and a claim under the Fair Labor Standards Act ("FLSA").

#### A. *Failure to Hire Claims*

Capital One contends that Harrison fails to state a plausible failure to hire claim under any anti-discrimination law, arguing that it withdrew Harrison's job offer because federal law prohibited it from hiring him based on his past convictions. For support, Capital One cites the results of Harrison's background check, which it attached as an exhibit to its brief in support of its motion to dismiss. (*See* Dk. No. 7-4.) The background check includes convictions for writing worthless checks and a conviction for larceny. According to Capital One, federal law "strictly prohibits financial institutions from hiring persons with criminal convictions involving dishonesty, breach of trust, or money laundering, without a waiver from the [Federal Deposit Insurance Corporation ('FDIC')]."[2] (Dk. No. 7, at 2.) Thus, Capital One asserts that its "decision not to hire [Harrison] was legitimate and non-discriminatory and not based on any protected characteristic he possessed." (*Id.* at 8.)

---

[2] *See* 12 U.S.C. § 1829(a)(1)(A)(iii) (prohibiting "any person who has been convicted of a criminal offense involving dishonesty or a breach of trust or money laundering" from "participat[ing], directly or indirectly, in the conduct of the affairs of any insured depository institution").

Capital One confuses a defense available to employers in discrimination cases with grounds for dismissing a complaint for failure to state a claim. Indeed, whether an employer can point to a legitimate, non-discriminatory reason to justify an adverse employment action arises in the "burden-shifting" framework at the summary judgment stage. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Moore v. Mukasey*, 305 F. App'x 111, 114 (4th Cir. 2008) (per curiam) (noting that the *McDonnell Douglas* framework is an "avenue[ ] of proof" available to plaintiffs to defeat summary judgment).[3]

Thus, whether Capital One decided not to hire Harrison "for a legitimate, non-discriminatory reason . . . is not a matter for the Court to consider on a motion to dismiss." *Young v. Columbia Farms, Inc.*, No. 6:17cv1340, 2017 WL 10403447, at *6 (D.S.C. Dec. 13, 2017), *report & recommendation adopted*, 2018 WL 4214374 (Sept. 5, 2018).[4] Capital One may argue at summary judgment that Harrison cannot establish a prima facie case of discrimination or that it had a legitimate, non-discriminatory reason for withdrawing the job offer. The Court, therefore,

---

[3] Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination. If the plaintiff meets that burden, "the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action." *McDonnell Douglas*, 411 U.S. at 285. If the employer meets its "burden of production" to show a legitimate, non-discriminatory reason, "the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the employer's stated reasons for taking the employment action were . . . 'pretext' for unlawful discrimination." *Moore*, 305 F. App'x at 114-15.

[4] Capital One cites cases at the summary judgment stage to support its argument that Harrison cannot establish a prima facie case of discrimination in light of the FDIA's statutory bar. Capital One again confuses the pleading standard with an evidentiary standard. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 586 (4th Cir.2015) ("[A] plaintiff need not plead the *evidentiary* standard for proving a Title VII claim.").

will deny Capital One's motion to dismiss Harrison's failure to hire claims under Title VII, the ADA, and the ADEA.[5]

### B. Remaining Claims

Harrison's complaint includes scattered citations to various other federal laws. First, Harrison cites the ADA's anti-retaliation provision in the opening paragraph to his complaint. *See* 42 U.S.C. § 12203(a). To state a retaliation claim under the ADA, a plaintiff must plead facts showing that "(1) [he] engaged in a protected activity; (2) [his] employer acted adversely against [him]; and (3) [his] protected activity was causally connected to [his] employer's adverse action." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001).

Although Harrison engaged in a protected activity when he filed an EEOC charge, he filed the charge *after* Capital One rescinded his job offer. Thus, he does not and cannot plead that Capital One withdrew his job offer because he engaged in a protected activity. *See Phillips v. Loudoun Cty. Pub. Schs.*, No. 1:19cv501, 2019 WL 5445292, at *7 (E.D. Va. Oct. 23, 2019) ("To state a claim for retaliation based on his EEOC charge, [a] plaintiff 'must show that the adverse employment action took place after the protected activity and because of the protected activity.'" (quoting *Byers v. HSBC Fin. Corp.*, 416 F. Supp. 2d 424, 438 (E.D. Va. 2006))). Harrison, therefore, fails to state a retaliation claim under the ADA.

Second, Harrison asserts that his complaint alleges "violations of 42 U.S.C. § 1983." (Compl., at 1.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

---

[5] The Court notes that Harrison filed a nearly identical complaint in this Court against a different financial institution. *See Harrison v. Wells Fargo Bank*, No. 3:19-cv-799-MHL (E.D. Va. Oct. 28, 2019). The defendant filed an answer in that case.

42, 48 (1988). Harrison does not allege any facts showing that Capital One violated his constitutional rights under color of state law. *See* 42 U.S.C. § 1983. Accordingly, Harrison fails to state a claim under § 1983.

Finally, Harrison asserts that Capital One violated the FLSA. (*See* Compl. ¶ 11.) Harrison, however, cannot assert an FLSA claim against Capital One as a job applicant because he never worked for Capital One. *See Dellinger v. Sci. Applications Int'l Corp.*, No. 1:10cv25, 2010 WL 1375263, at *4 (E.D. Va. Apr. 2, 2010) (holding that "a job applicant cannot be considered an 'employee'" under the FLSA).

In sum, to the extent that Harrison's complaint asserts a retaliation claim under the ADA, a claim under § 1983, or a claim under the FLSA, the Court will dismiss those claims with prejudice.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant in part and deny in part Capital One's motion to dismiss. The Court will deny the motion as to Harrison's failure to hire claims under Title VII, the ADA, and the ADEA. The Court will grant the motion as to Harrison's remaining claims.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se plaintiff.

Date: <u>23 April 2020</u>
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge